IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHAZ ELEE STEPTOE,               )<br>ID # 15918-179,                       )<br>         Petitioner,                     )<br>vs.                                            )<br>                                                 )<br>D.J. HARMON,                         )<br>         Respondent.                  ) | No. 3:17-CV-916-M (BH)<br><br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Base on the relevant findings and applicable law, the amended 28 U.S.C. § 2241 petition, received on May 12, 2017 (doc. 9), should be **DISMISSED** for lack of jurisdiction.

### I.  BACKGROUND

Chaz Elee Steptoe (Petitioner), a prisoner currently incarcerated in the Federal Correctional Institution (FCI) in Yazoo City, Missouri, challenges his sentence under 28 U.S.C. § 2241. The respondent is DJ Harmon, Warden of FCI-Seagoville.[1]

Petitioner was convicted of conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846, and he was sentenced to 262 months' imprisonment in the United States District Court for the Southern District of Texas, Houston Division. *See United States v. Steptoe*, No. 4:02-CR-688 (S.D. Tex. Sept. 10, 2003); (*see also* doc. 15 at 9-10.) His appeal was dismissed for want of prosecution. (*See* doc. 15 at 25.) He subsequently filed a motion to vacate under 28 U.S.C. § 2255 that was denied. (*See id.* at 28.)

---

[1] Petitioner was incarcerated in the Federal Correctional Institution (FCI) in Seagoville, Texas, when he filed his habeas petition and amended petition. (*See* docs. 3 at 1, 9 at 1.)

Petitioner's § 2241 petition relies on the savings clause of 28 U.S.C. § 2255(e); it claims that his sentence was enhanced as a career offender based on a residual clause in the sentencing guidelines that is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*See* doc. 9 at 5.) Respondent filed a response, and Petitioner filed a reply. (*See* docs. 15, 16.)

## II. SAVINGS CLAUSE

Generally, a writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle to challenge the manner in which a sentence is carried out, and claims of alleged errors that occurred at sentencing are properly raised in a motion under 28 U.S.C. § 2255. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000) (citing *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)). A petitioner may challenge the legality of his detention in a § 2241 petition under the "savings clause" of § 2255, however. *Padilla*, 416 F.3d at 426. It provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). To show that a § 2255 motion is either ineffective or inadequate to test the legality of his detention, a petitioner must demonstrate that: (1) his claim is based on a Supreme Court decision that is retroactively applicable on collateral review and that establishes that he may have been convicted of a nonexistent offense, and (2) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in a prior § 2255 petition. *Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

A claim that a petitioner is innocent of a career-offender enhancement under a sentencing guideline does not fall with the savings clause of § 2555(e). *See Walker v. Edge*, 736 F. App'x 491,

491-92 (5th Cir. 2018) (savings clause does not apply to claim that the petitioner should not have been sentenced as a career offender under the sentencing guidelines). Petitioner has not shown that he was actually innocent of the crime of conviction, and he is not entitled to use the savings clause of § 2255(e) to challenge his sentence through a § 2241 petition. Because his claim is not reviewable under the savings clause, and he was sentenced in the Southern District of Texas, his claim can only be raised in a § 2255 motion filed in the sentencing court. *See Carter v. Blackmon*, 732 F. App'x 268, 269 (5th Cir. 2018). This Court lacks jurisdiction to consider his claim, and the § 2241 petition should be dismissed for lack of jurisdiction. *See id.*[2]

### III. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 26th day of November, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] The petition should not be construed as a 28 U.S.C. § 2255 motion and transferred to the Southern District of Texas because it would be successive.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE